IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Live Oak Banking Company**, a North Carolina corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**StreetShares, Inc., a Delaware corporation, and MeridianLink, Inc., a Delaware corporation**,<br><br>        Defendants. | Case No. 23-cv-332-GBW |

### Plaintiff's Motion For Leave To File Amended Complaint Under Seal

Plaintiff Live Oak Banking Company ("Live Oak"), by and through its undersigned counsel, seeks leave to file its First Amended Complaint (the "Amended Complaint") under seal pursuant to Federal Rule of Civil Procedure 5.2 and the Local Rules of Civil Practice and Procedure of this District. In support of this motion, Live Oak states as follows:

1. On March 24, 2023, Live Oak filed the Complaint (the "Original Complaint") against Defendants StreetShares, Inc. ("StreetShares") and its successor company, MeridianLink, Inc. ("MeridianLink") (collectively, "Defendants") under seal. (D.I. 1.)

2. On April 19, 2023, the Court entered an oral order permitting the parties to file a public version of the Original Complaint, redacting "(1) pricing information in the Complaint and Exhibits, and (2) the name of a third-party." (D.I. 19.)

3. The Amended Complaint contains the same type of confidential information as the Original Complaint. The Amended Complaint against Defendants is based on two contracts (including one which was later amended): (1) Order Form No. 1, dated September 3, 2021, and later amended July 28, 2022, as Amended Order Form No. 1; and (2) Order Form No. 2, dated

March 24, 2022.  The Order Forms incorporate by reference certain Terms of Service but specify that the Order Forms control if the Order Form's terms are in conflict with the Terms of Service.

4. Order Form No. 1 between the parties contains a confidentiality provision that protects "all information that should reasonably be understood to be confidential given the nature of the information and the circumstances of disclosure."  That term was repeated in Amended Order Form No. 1.

5. Order Form No. 2 incorporates certain terms from Order Form No. 1, including the confidentiality provision that protects "all information that should reasonably be understood to be confidential given the nature of the information and the circumstances of disclosure."

6. Live Oak's Amended Complaint contains approximately 10 references to the pricing terms set forth in the Order Forms: namely, how much Defendants were charging Live Oak for the services and products that Defendants promised to provide to Live Oak.

7. Further, Order Form No. 1, Order Form No. 2, and Amended Order Form No.1 themselves are attached to the Amended Complaint, and also contain these pricing terms.

8. Courts generally recognize a presumption in favor of public access to judicial records and documents; however, the presumption is not absolute.  *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  A party can overcome this presumption by demonstrating good cause.  *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012).  Good cause can be established by showing that "disclosure [of a record or document] will work a clearly defined and serious injury to" the party seeking to seal that record or document.  *Id*. (citation omitted).  The good cause standard involves "a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public."  *Id*. at 508.  Courts have broad authority under this

balancing test to seal documents and should do so "'when justice so requires,' provided the party requesting sealing demonstrates that the 'interest in secrecy outweighs the presumption' of access." *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (citation omitted).

9. The good cause standard is met here because the pricing terms are arguably "information that should reasonably be understood to be confidential given the nature of the information and the circumstances of disclosure." Disclosure of such pricing information could lead to "a clearly defined and serious injury." *See Mosaid Techs.*, 878 F. Supp. 2d at 507, 510 (holding that limited pricing terms are appropriately redacted because a pricing term "is the type of information which . . . could cause real and serious harm to the parties' future negotiations if disclosed to competitors. It is also the sort of material that courts have frequently redacted."). Conversely, there is little importance in disclosing this information to the public. *See J&R Passmore, LLC v. Rice Drilling D, LLC*, 2:18-cv-1587, at *1 (S.D. Ohio Feb. 16, 2022) ("[N]o public interest outweighs Defendant's compelling interest in maintaining the secrecy of the specific pricing terms.").

10. Furthermore, the Amended Complaint, like the Original Complaint, contains the name of a third party that StreetShares works with to provide certain services. In Defendants' Motion To Seal Limited Portions Of Complaint, Defendants stated that third party's "identify and relationship regarding such services are not publicly available, and that StreetShares is prohibited from disclosing by contract." (D.1. 11 at 2.) Defendants also stated regarding the third party that "This is the type of information that would harm Defendants' competitive standing in the marketplace and that courts seek to protect," *citing See Amgen Inc. v. Amneal Pharms. LLC*, No. CV 16-853-MSG, 2021 WL 4133516, at *7 (D. Del. Sept. 10, 2021), *opinion vacated in part on*

*reconsideration*, No. CV 16- 853-MSG, 2021 WL 4843959 (D. Del. Oct. 18, 2021).  The Court has already found that good cause exists to keep the identity of the third party confidential.  (D.I. 19.)

11. Defendant does not object to this request.

12. WHEREFORE, Live Oak respectfully requests leave of the Court to file the Amended Complaint and exhibits to the Amended Complaint and any subsequent amended version of the Amended Complaint under seal.  Live Oak also respectfully requests that it be permitted to redact: (1) pricing information and (2) the name of the third party in the public version of the Amended Complaint and exhibits thereto.  Live Oak represents that it will file a public version of the Amended Complaint and exhibits thereto with the Court within seven days of the filing of the Amended Complaint.

Dated: May 17, 2023

**OF COUNSEL**:

Isabelle L. Ord (*admitted pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Phone: (415) 836-2500
isabelle.ord@us.dlapiper.com

Akhil Sheth (*admitted pro hac vice*
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Phone: (310) 595-3000
akhil.sheth@us.dlapiper.com

**DLA PIPER LLP (US)**

  /s/ Kelly L. Freund
Michelle L. Morgan (ID No. 3651)
Kelly L. Freund (ID No. 6280)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Phone: (302) 468.5700
Fax: (302) 394-2341
michelle.morgan@us.dlapiper.com
kelly.freund@us.dlapiper.com

*Attorneys for Plaintiff Live Oak Banking Co.*